## MAT CRABTREE v. STATE.

No. A-3514.    Opinion Filed June 14, 1920.

(190 Pac. 271.)

(Syllabus.)

**HOMICIDE—Assault With Intent to Kill—Conviction—Affirmance.**
In a prosecution for assault with intent to kill by shooting
with a pistol, the record reviewed, and held, that plaintiff in
error had a fair trial and was properly convicted.

*Appeal from District Court, Cherokee County;
John H. Pitchford, Judge.*

Mat Crabtree was convicted of assault with intent to
kill, and he appeals.    Affirmed.

*Bruce L. Keenan* and *W. J. Crump,* for plaintiff in
error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen.,
for the State.

DOYLE, P. J.    The plaintiff in error, Mat Crabtree,
was tried on an information charging that in Cherokee
county, on or about the 25th day of June, 1918, he did
shoot and wound with intent to kill one J. R. Cannon.    The
jury found him guilty of assault with intent to kill as charg-
ed in the information and fixed the term of his imprison-
ment in the penitentiary at one year.    He has appealed
from the judgment rendered on the verdict, but there has
been no appearance in his behalf on his appeal, and the
cause was submitted on the record.

The first assignment of error is that the court erred in
admitting over the objection of the defendant incompetent,

irrelevant, and immaterial testimony. It appears that some exceptions were taken during the course of the trial to the admission of evidence bearing upon the issues in the case, but we are of the opinion that none of them were well taken.

Error is assigned in the giving and refusing of instructions. We have examined the instructions given and those refused, and discover no error.

The remaining assignment of error is that—

"The court erred in overruling a motion for a new trial because the county attorney offered to confess the motion; that, while the record is silent upon the official offer on the part of the county attorney, plaintiff in error is authorized to say that the county attorney made such offer in open court, for the reason that the prosecuting witness was shot through the body several times, and his intestines punctured in several places, and the verdict and sentence is not commensurate with the punishment that ought to be inflicted."

We have examined the record carefully and our conclusion is that there is no error in this case, unless it is the error of the jury in fixing the punishment. It is apparent that the jury were exceedingly merciful in the discharge of their duty. However, the plaintiff in error will not be permitted to complain that the jury were too lenient with him.

The judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.